UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE L.,<br><br>                                    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner<br>of Social Security,<br><br>                                    Defendant. | Case No.:  19cv996-MDD<br><br>**ORDER GRANTING MOTION OF DENISE BOURGEOIS HALEY TO WITHDRAW AS COUNSEL**<br><br>[ECF No. 16] |

Plaintiff's attorney of record, Denise Bourgeois Haley of the Law Offices of Lawrence D. Rohlfing ("Rohlfing"), moves to withdraw as attorney of record for Plaintiff Claude L. (ECF No. 16). No party has opposed the motion. (*See* Docket). For the reasons stated herein, the Court **GRANTS** Rohlfing's motion.

## I.    <u>BACKGROUND</u>

On May 28, 2019, Plaintiff Claude L. ("Plaintiff") filed this action against Andrew M. Saul, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), requesting judicial review of the Commissioner's decision denying his claims for disability insurance benefits under Title II of the Social Security Act. (ECF No. 1). Plaintiff simultaneously filed a motion to

proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2). On July 15, 2019, the Court granted Plaintiff leave to proceed IFP. (ECF No. 8).

The Commissioner filed the Administrative Record on September 30, 2019. (ECF No. 13). On November 1, 2019, Plaintiff filed a motion for an extension of time to file a merits brief. (ECF No. 14). The Court granted the motion, giving Plaintiff until December 6, 2019 to file a merits brief. (ECF No. 15). Plaintiff did not file a merits brief. (*See* Docket). Thereafter, Rohlfing filed the instant motion to withdraw as Plaintiff's counsel of record. (ECF No. 16). In the accompanying declaration, Denise Bourgeois Haley states that representation of Plaintiff has become unreasonably difficult. (*Id.* at 5). In particular, Ms. Haley states that she has been unable to obtain guidance and approval from Plaintiff on the "specific direction for the case." (*Id.*). Ms. Haley wrote, emailed, and called Plaintiff on December 2, 2019 and December 6, 2019. (*Id.*). Ms. Haley did not receive a response from Plaintiff. (*Id.*).

## II.  **<u>DISCUSSION</u>**

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); *see also* S.D. Cal. Civ. L.R. 83.3(f)(3). The decision to grant or deny a motion for withdrawal is within the court's sound discretion, and courts consider the following factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, No. 11cv2540-IEG (WVG), 2013 WL 163420, at * 2 (S.D. Cal. Jan. 14, 2013).

Here, the Court finds that good cause for withdrawal exists. Pursuant

to the California Rules of Professional Conduct, an attorney may seek to withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d). "Refusal to participate in the litigation is undoubtedly one such example." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09cv1301-IEG (POR), 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010). In her accompanying declaration, Ms. Haley states that Plaintiff would not provide guidance and approval on the "specific direction of the case" and that she has been unable to communicate with Plaintiff at all. (ECF No. 16 at 5). The Court finds that this constitutes good cause for withdrawal. Further, the Commissioner does not oppose the motion, and it appears that neither party will suffer prejudice as a result of Rohlfing's withdrawal given that Plaintiff may obtain another attorney or proceed *pro se* in this matter. Accordingly, the Court **GRANTS** Rohlfing's motion to withdraw as counsel of record for Plaintiff.

The Court cautions Plaintiff that if he does not obtain a new attorney, he must proceed *pro se* and file a merits brief on his own behalf. Additionally, failure to comply with this Order and file a merits brief may result in dismissal of this case. *See* Fed. R. Civ. P. 16(f)(1)(C) (stating that "the court may issue any just orders" if a party "fails to obey a . . . pretrial order"); *see also* S.D. Cal. Civ. L.R. 83.1(a) (permitting the Court to impose sanctions, including dismissal of an action, for failure to comply with any order of the court); S.D. Cal. Civ. L.R. 41.1 (permitting the Court to dismiss a case for failure to comply with the provisions of the local rules of this Court).

## III. <u>CONCLUSION</u>

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion to withdraw as counsel of record for Plaintiff Claude L. The Clerk of

Court is instructed to terminate Denise Bourgeois Haley of the Law Offices of Lawrence D. Rohlfing as attorney of record for Plaintiff Claude L.  The Clerk of Court is further instructed to amend the Docket to reflect that Plaintiff Claude L. is proceeding *pro se* with the following address:

Claude Randall Little
1158 Mayberry Lane
Vista, CA 92083

In light of the withdrawal, the Court *sua sponte* **EXTENDS** the deadline for Plaintiff to file a merits brief to **February 11, 2020**.  Defendant must file its opposition on or before **March 17, 2020**.  Plaintiff may file a reply, if any, on or before **March 31, 2020**.

Finally, the Clerk of Court is instructed to mail a copy of this order to Claude Randall Little's address listed above.

**IT IS SO ORDERED**.

Dated:   January 13, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge